IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURBIO INC., | No. _____ |
| Plaintiff. | JURY TRIAL DEMANDED |
| v. | |
| KARMELLA LEE | |
| Defendant. | |

## COMPLAINT

Plaintiff Curbio Inc. ("Curbio"), by and through its undersigned counsel, files this Complaint for damages against Defendant Karmella Lee ("Owner") and avers as follows:

### NATURE OF THE ACTION

1. This is a lawsuit to collect money owed to Curbio for the construction costs, labor, materials, equipment, and other services provided by Curbio to Owner for a home improvement project.

2. Despite Curbio's timely performance under the parties' contract, Owner has refused to honor her contractual obligations and has withheld payment.

3. Curbio now brings this action to enforce the contract between the parties and recover payment for its work on Owner's project.

### PARTIES

4. Curbio Inc. is a corporation organized under the laws of the state of Delaware, having a place of business at 11325 Seven Locks Rd Suite 200 Potomac, MD 20854.

5. The Owner is Karmella Lee, an adult individual and citizen of New Jersey, whose last known address is 119 Mountainview Road, Mount Laurel, NJ 08054.

6. The home improvement project that is the subject of this action was performed on the property located at 119 Mountainview Road, Mount Laurel, NJ 08054 (the "Property").

7. Upon information and belief, Owner is the former owner of the Property, having sold the Property on October 6, 2023, and has not paid Curbio according to the terms of the Parties' contract.

## JURISDICTION AND VENUE

8. This Court has jurisdiction by virtue of 28 USC § 1332 based upon the diversity of the citizenship of the parties and the amount in controversy, which exclusive of costs and interest, exceeds $75,000.

9. Venue is appropriate in this Court under 28 U.S.C. §1391(b) because a substantial part of the events and omissions giving rise to Curbio's claims occurred in this District.

## FACTUAL BACKGROUND

10. Curbio is a home-improvement company that partners with real estate agents and homeowners to perform pre-listing home renovations.

11. Under this model, Curbio defers payment for its valuable home improvement services until the property is sold. This requires homeowners to act in good faith and to facilitate, not frustrate, Curbio's performance of home improvement services.

12. On or about July 18, 2022, Curbio and Owner entered into a New Jersey Home Improvement Contract (the "Contract") for the performance of various pre-sale home improvement services (the "Project") set forth therein.

13. The Contract had an initial total contract price of $65,191.38.

14. The Scope of Work and the total contract price were amended by multiple Change Orders, which are reflected in the table below:

| Change Order # | Date Executed by Owner | Amount |
|---|---|---|
| Change Order #1 | August 9, 2022 | $12,376.02 |
| Change Order #2 | August 19, 2022 | $2,824.25 |
| Change Order #3 | September 2, 2022 | $2,825.57 |
| Change Order #4 | September 7, 2022 | $12,303.50 |
| Change Order #5 | September 9, 2022 | $4,506.90 |
| Change Order #6 | October 13, 2022 | $5,234.60 |
| Change Order #7 | October 17, 2022 | -$15,823.06 (credit to Owner) |
| Change Order #8 | October 26, 2022 | $2,880.12 |
| Change Order #9 | November 16, 2022 | $6,841.21 |
| Change Order #11 | November 16, 2022 | -$680.00 (credit to Owner) |
| Change Order #12 | November 23, 2022 | $866.28 |
| Change Order #13 | June 23, 2023 | $892.80 |
| Passthrough #1 | August 15, 2022 | $5,523.80 |
| Passthrough #2 | September 2, 2022 | $35.49 |

15. Per the Contract, Curbio agreed to "furnish all materials and labor necessary to perform and complete the Services," defined as renovation work on Owner's home.

16. Per the Contract, Owner agreed that payment in full is due "at the earlier of: (i) the sale of the property; or (ii) twelve months from contract signing, subject to the terms and conditions set forth in this Contract."

17. Owner also agreed, "[u]ntil such time as all amounts owed by Owner to Contractor are paid in full," to "keep the Home listed for sale continuously from the date upon

3

which it is first listed on the MLS until a contract for the sale of the Home has been fully ratified and delivered to the offeror."

18. The Contract also provides that "[t]he failure of Owner to adhere to any of the terms of this Contract, including but not limited to payment terms, will constitute an act of default."

19. Curbio "retains business discretion on how it chooses to handle default under the terms of this Contract," and Curbio's "decision to not enforce any default provision at any particular time does not waive its right to enforce any such provision for the same or other defaults."

20. Owner sold the Property on or about October 6, 2023.

21. Owner has not paid Curbio despite selling the Property and despite longer than twelve months passing since the date of contract signing.

22. Owner's conduct constitutes a default under the contract.

23. In total, Owner owes Curbio $105,798.86.

24. At all relevant times, Curbio provided labor, materials, and equipment in accordance with the Contract and as directed by Owner throughout the course of the project.

25. Curbio performed the Services and extra work in a good and workmanlike manner.

26. Curbio therefore fully performed under the Contract and is due payment thereon.

## COUNT I - BREACH OF CONTRACT

27. Curbio incorporates by reference the allegations set forth in the foregoing paragraphs.

28. Curbio fully complied with its obligations under the Contract by performing the Services.

29. All conditions precedent to payment have been met, and/or frustrated by Owner's conduct and defaults under the Contract.

30. Owner breached the Contract by failing to pay Curbio despite selling the Property and despite twelve months passing from the date of contract signing.

31. Owner's failure to pay is a default under the Contract and is a material breach of the Contract.

32. As a direct and proximate result of Owner's default under the Contract, Curbio has suffered at least $105,798.86 in damages.

**COUNT II – QUANTUM MERUIT & UNJUST ENRICHMENT**

33. Curbio incorporates by reference the allegations set forth in the foregoing paragraphs.

34. Alternatively, to the extent the Contract, as referenced above, or any modifications, alterations, or additions thereto, are deemed unenforceable and/or invalid, Curbio is entitled to the reasonable value of the labor, material, and equipment it supplied to Owner for its work on the Property and for which it fully expected compensation.

35. At all relevant times, Owner, through her actions and written promises, agreed to pay Curbio, or misled Curbio into believing it would be paid by Owner.

36. Owner has enjoyed the benefit of the labor, material, and equipment provided by Curbio.

37. Owner has retained the benefits of Curbio's labor, material, and equipment supplied on the Project.

38. Owner has not compensated Curbio for its labor, material, and equipment supplied on the Project.

39. Owner's retention of the labor, material, and equipment provided by Curbio, without compensation for the same, would be unjust.

40. The reasonable value of the unpaid labor, material, and equipment is in excess of $105,798.86.

41. Owner, therefore, is liable to Curbio under alternative equitable theories of unjust enrichment, quantum meruit, and quasi contract in an amount in excess of $105,798.86.

WHEREFORE, Plaintiff, Curbio Inc., respectfully requests that this Court enter judgment in its favor and against Owner for:

a. All damages that will completely and adequately compensate Curbio for the damages described herein;

b. Pre-judgment and post-judgment interest;

c. Court costs and litigation expenses;

d. All other relief to which Curbio is entitled.

Respectfully submitted,

Dated: January 19, 2024

**DUANE MORRIS LLP**

By: */s/ Jeffrey S. Pollack*
Jeffrey S. Pollack (31512003)
30 South 17th Street
Philadelphia, PA  19103-4196
Telephone: +1 215 979 1000
Fax: +1 215 979 1020

*Attorney for Curbio Inc.*